# Exhibit A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| NAYELI DELGADO-GUTIERREZ, as Special Administrator of the Estate of CARLOS GARCIA, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| PROFESSIONAL TRANSPORTATION, INC., UNITED LEASING, LLC, JB SEEBOTH, LLC d/b/a AFFORDABLE CAR AND MARINE CARE, & RANDALL L. BURRELL, | ) ) ) ) ) ) | **Plaintiff Demands a Jury Trial** |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Nayeli Delgado-Gutierrez ("Delgado-Gutierrez"), as Special Administrator of the Estate of Carlos Garcia, deceased, by and through her attorneys, Levinson and Stefani, and complaining of the Defendants, Professional Transportation, Inc. ("Professional"), United Leasing, LLC ("United"), JB Seeboth, LLC D/B/A Affordable Car and Marine Care ("JB Seeboth"), and Randall L. Burrell ("Burrell"), states as follows:

### Facts Common to All Counts

1. Plaintiff Delgado-Gutierrez is the mother of the Decedent, Carlos Garcia's ("Decedent" or "Garcia") four minor children and she is currently pregnant with what is Garcia's fifth child.

2. Although not married, Plaintiff co-habituated with the Decedent and their children, and for all intents and purposes, Plaintiff, Decedent, and their minor children were a family unit.

3. Plaintiff Delgado-Gutierrez has been appointed Special Administrator of the Estate of Carlos Garcia.

1

4. At all relevant times herein, JB Seeboth was Wisconsin domestic limited liability company with a registered address at 12465 W. Lisbon Rd., Brookfield, WI, 53005.

5. On or about March 15, 2015, Professional was a foreign corporation doing business in the State of Illinois with a registered address at 208 S. LaSalle St., Ste. 814, Chicago, IL 60604.

6. At the aforementioned time and place, Professional had an assigned USDOT number of 807948.

7. At the aforementioned time and place, Professional was the owner, operator, lessor, or lessee of a Chrysler Town and Country bearing USDOT number 807948 ("the Van").

8. At the aforementioned time and place, United was an Indiana-licensed limited liability corporation with a registered address at 3700 E. Morgan Ave., Evansville, IN 47715.

9. At the aforementioned time and place, United was the owner, operator, lessor and/or lessee of the Van.

10. At the aforementioned time and place, Burrell was the employee or agent of Professional.

11. At the aforementioned time and place, Burrell was the employee or agent of United.

12. Prior to March 15, 2015, JB Seeboth provided service and maintenance to the Van and its component parts, including the wheels.

13. At the aforementioned time and place, Burrell was the operator of the Van, driving southbound on I-294 near mile marker 44 in Maine Township, County of Cook, State

of Illinois, as an agent of Professional and/or United.

14. At the aforementioned time and place, Burrell was the operator of the Van, driving southbound on I-294 near mile marker 44 in Maine Township, County of Cook, State of Illinois, within the scope of his employment with Professional and/or United.

15. At the aforementioned time and place, Carlos Garcia was driving his vehicle northbound on I-294 near mile marker 44 in Maine Township, County of Cook, State of Illinois.

16. The decedent, Carlos Garcia, at all relevant times herein was in the exercise of all due care for his own safety.

## COUNT I
## Wrongful Death against Professional

17. The Plaintiff hereby adopts and re-alleges paragraphs 1-16 as though fully set forth herein.

18. At said time and place, it was the duty of Professional to own and, by and through its agents and/or employees, including Burrell, operate, maintain, and control the Van in a manner so as not to negligently cause injury to persons lawfully on the public way, including the decedent, Carlos Garcia.

19. Notwithstanding the foregoing duty, Professional, by and through Burrell, did operate, maintain, and control the Van in a dangerous and negligent manner in one or more of the following ways:

   a) operating the Van when it was known or should have been known that one or more wheels were not properly functioning and/or secured;

   b) permitted operation of the Van while Burrell was unreasonably distracted;

   c) failed to slow or stop the Van when danger to the decedent was imminent;

   d) operated the Van at a speed too great for conditions prevailing;

   e) failed to properly inspect the Van, including the wheels and component parts,

        before operation;

    f)   failed to properly maintain the Van, including but not limited to wheels and their component parts;

    g)   failed to utilize qualified, competent maintenance services for the Van and its component parts, including the wheels; and,

    h)   failed to properly and reasonably train employees, including the driver, Burrell.

20. As a direct and proximate result of one or more of the foregoing acts of negligence, a wheel from the Van disengaged from the Van and did violently strike the vehicle operated by the decedent, Carlos Garcia, and as a result thereof, the decedent did suffer serious injuries that resulted in his death.

WHEREFORE, the Plaintiff, Nayeli Delgado-Gutierrez, as Special Administrator of the Estate of Carlos Garcia, deceased, prays for judgment against the Defendant, Professional, in an amount in excess of Fifty Thousand Dollars ($50,000.00) and costs.

## COUNT II
## Wrongful Death against United

21. The Plaintiff hereby adopts and re-alleges paragraphs 1-16 as though fully set forth herein.

22. At said time and place, it was the duty of United to own, and by and through its agents, including Burrell, operate, maintain, and control the Van in a manner so as not to negligently cause injury to persons lawfully on the public way, including the decedent, Carlos Garcia.

23. Notwithstanding the foregoing duty, United, by and through Burrell, did operate, maintain, and control the Van in a dangerous and negligent manner in one or more of the following ways:

    a)   operating the Van when it was known or should have been known that one or more wheels were not properly functioning and/or secured;

    b)   permitted operation of the Van while Burrell was unreasonably distracted;

    c)   failed to slow or stop the Van when danger to the decedent was imminent;

4

    d)     operated the Van at a speed too great for conditions prevailing;

    e)     failed to properly inspect the Van, including the wheels and component parts, before operation;

    f)     failed to properly maintain the Van, including but not limited to wheels and their component parts;

    g)     failed to utilize qualified, competent maintenance services for the Van and its component parts, including the wheels; and,

    h)     failed to properly and reasonably train employees, including the driver, Burrell.

24. As a direct and proximate result of one or more of the foregoing acts of negligence, a wheel from the Van disengaged from the Van and did violently strike the vehicle operated by the decedent, Carlos Garcia, and as a result thereof, the decedent did suffer serious injuries that resulted in his death.

WHEREFORE, the Plaintiff, Nayeli Delgado-Gutierrez, as Special Administrator of the Estate of Carlos Garcia, deceased, prays for judgment against the Defendant, United, in an amount in excess of Fifty Thousand Dollars ($50,000.00) and costs.

## COUNT III
### Wrongful Death against JB Seeboth

25. The Plaintiff hereby adopts and re-alleges paragraphs 1-16 as though fully set forth herein.

26. At said time and place, JB Seeboth, by and through its agents and/or employees, knew or should have known that the Van would be driving on the public way.

27. At said time and place, it was the duty of JB Seeboth, by and through its agents and/or employees, to service and maintain the Van in a manner so as not to negligently cause injury to persons lawfully on the public way, including the decedent, Carlos Garcia.

28. Notwithstanding the foregoing duty, JB Seeboth did service and maintain the Van in

5

a dangerous and negligent manner in one or more of the following ways:

a) failed to properly perform requested maintenance on the Van;

b) failed to properly perform required maintenance on the Van;

c) failed to secure one or more wheels to the Van;

d) failed to reasonably inspect the Van prior to releasing the Van to Professional and/or United and/or Burrell;

e) failed to inform Professional and/or United and/or Burrell of dangers posed by the Van that were known to JB Seeboth;

f) failed to utilize qualified, competent persons to provide service and maintenance to the Van and its component parts, including the wheels; and,

g) failed to properly and reasonably train employees.

29. As a direct and proximate result of one or more of the foregoing acts of negligence, a wheel from the Van disengaged from the Van and did violently strike the vehicle operated by the decedent, Carlos Garcia, and as a result thereof, the decedent did suffer serious injuries that resulted in his death.

WHEREFORE, the Plaintiff, Nayeli Delgado-Gutierrez, as Special Administrator of the Estate of Carlos Garcia, deceased, prays for judgment against the Defendant, JB Seeboth, in an amount in excess of Fifty Thousand Dollars ($50,000.00) and costs.

### COUNT IV
### Wrongful Death against Burrell

30. The Plaintiff hereby adopts and re-alleges paragraphs 1-16 as though fully set forth herein.

31. At said time and place, it was the duty of Burrell to operate, maintain, and control the Van in a manner so as not to negligently cause injury to persons lawfully on the public way, including the decedent, Carlos Garcia.

32. Notwithstanding the foregoing duty, Burrell did operate, maintain, and control the Van in a dangerous and negligent manner in one or more of the following ways:

6

a) operated the Van when he knew or should have known one or more wheels or other component parts were not properly functioning and/or secured;

b) permitted himself to operate the Van while unreasonably distracted;

c) failed to slow or stop the Van when danger to the decedent was imminent;

d) operated the Van at a speed too great for conditions prevailing;

e) failed to properly inspect the Van, including component parts, such as wheels, before operation;

f) failed to properly maintain the Van, including but not limited to wheels and their component parts; and,

g) failed to utilize qualified, competent maintenance services for the Van and its component parts, including the wheels.

33. As a direct and proximate result of one or more of the foregoing acts of negligence, a wheel from the Van disengaged from the Van and did violently strike the vehicle operated by the decedent, Carlos Garcia, and as a result thereof, the decedent did suffer serious injuries that resulted in his death.

WHEREFORE, the Plaintiff, Nayeli Delgado-Gutierrez, as Special Administrator of the Estate of Carlos Garcia, deceased, prays for judgment against the Defendant, Burrell, in an amount in excess of Fifty Thousand Dollars ($50,000.00) and costs.

## COUNT V
### Res Ipsa Loquitur Against Professional

34. Plaintiff hereby adopts and re-alleges paragraphs 1-16 as though fully set forth herein.

35. At all relevant times herein, the Van was in the exclusive care of Professional and its agents and employees.

36. On or about March 15, 2015, Defendant Burrell was operating the Van.

37. On or about March 15, 2015, a wheel from the Van disengaged from the Van and struck Decedent and Decedent's vehicle.

38. Such disengagement of a component part from the Van and the death of Decedent as a result thereof does not ordinarily occur in the absence of negligence.

39. The death of the Decedent due to being struck by the disengaged wheel of the Van was not due to any voluntary act of negligence or any other voluntary act on the part of the Decedent.

40. As a direct and proximate result of one or more of the foregoing acts of negligence, a wheel from the Van disengaged from the Van and did violently strike the vehicle operated by the decedent, Carlos Garcia, and as a result thereof, the decedent did suffer serious injuries that resulted in his death.

WHEREFORE, the Plaintiff, Nayeli Delgado-Gutierrez, as Special Administrator of the Estate of Carlos Garcia, deceased, respectfully requests judgment against the Defendant, Professional, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT VI
### Res Ipsa Loquitur Against United

41. Plaintiff hereby adopts and re-alleges paragraphs 1-16 as though fully set forth herein.

42. At all relevant times herein, the Van was in the exclusive care of United and its agents and employees.

43. On or about March 15, 2015, Defendant Burrell was operating the Van.

44. On or about March 15, 2015, a wheel from the Van disengaged from the Van and struck Decedent and Decedent's vehicle.

45. Such disengagement of a component part from the Van and the death of Decedent as a result thereof does not ordinarily occur in the absence of negligence.

8

46. The death of the Decedent due to being struck by the disengaged wheel of the Van was not due to any voluntary act of negligence or any other voluntary act on the part of the Decedent.

47. As a direct and proximate result of one or more of the foregoing acts of negligence, a wheel from the Van disengaged from the Van and did violently strike the vehicle operated by the decedent, Carlos Garcia, and as a result thereof, the decedent did suffer serious injuries that resulted in his death.

WHEREFORE, the Plaintiff, Nayeli Delgado-Gutierrez, as Special Administrator of the Estate of Carlos Garcia, deceased, respectfully requests judgment against the Defendant, United, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT VII
### Res Ipsa Loquitor against JB Seeboth

48. Plaintiff hereby adopts and re-alleges paragraphs 1-16 as though fully set forth herein.

49. At the relevant times herein, the Van was in the exclusive care of JB Seeboth and its agents and employees.

50. Prior to March 15, 2015, JB Seeboth serviced and provided maintanence to the Van, including its wheels and tires.

51. On or about March 15, 2015, Defendant Burrell was operating the Van.

52. On or about March 15, 2015, a wheel from the Van disengaged from the Van and struck Decedent and Decedent's vehicle.

53. Such disengagement of a component part from the Van and the death of Decedent as a result thereof does not ordinarily occur in the absence of negligence.

54. The death of the Decedent due to being struck by the disengaged wheel of the Van

9

was not due to any voluntary act of negligence or any other voluntary act on the part of the Decedent.

55. As a direct and proximate result of one or more of the foregoing acts of negligence, a wheel from the Van disengaged from the Van and did violently strike the vehicle operated by the decedent, Carlos Garcia, and as a result thereof, the decedent did suffer serious injuries that resulted in his death.

WHEREFORE, the Plaintiff, Nayeli Delgado-Gutierrez, as Special Administrator of the Estate of Carlos Garcia, deceased, respectfully requests judgment against the Defendant, Professional, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

Respectfully submitted,

By: _____
Kenneth H. Levinson

LEVINSON AND STEFANI
Attorneys for Plaintiff
230 W. Monroe St. Ste. 2210
Chicago, Illinois 60606
(312) 376-3812
Attorney No. 58168

51238-SL 5560

STATE OF WISCONSIN)
WAUKESHA COUNTY) ss.

I hereby certify that on the  15  day of  July , 20 15  at 10:00 a.m. p.m
at  12465 W. Lisbon Rd.  in the  City  of  Brookfield 

Waukesha County Wisconsin, I duly served the within:

- [x] SUMMONS AND COMPLAINT
- [ ] AUTHENTICATED COPIES OF SUMMONS AND COMPLAINT
- [ ] SUMMONS AND COMPLAINT OF EVICTION
- [ ] SUBPOENA
- [ ] WRIT OF ASSISTANCE
- [ ] WRIT OF RESTITUTION
- [ ] WRIT OF EXECUTION
- [ ] WRIT OF REPLEVIN
- [ ] MOTION AND NOTICE OF MOTION
- [ ] AFFIDAVIT AND ORDER TO SHOW CAUSE
- [ ] SUMMONS AND PETITION
- [ ] NOTICE OF HEARING ONLY
- [ ] OTHER

- [ ] TEMPORARY RESTRAINING ORDER/NOTICE OF HEARING (HARASSMENT) AND PETITION FOR TEMPORARY RESTRAINING ORDER AND/OR INJUNCTION (HARASSMENT)
  - [ ] WITH REMOVAL  [ ] WITHOUT REMOVAL
- [ ] TEMPORARY RESTRAINING ORDER/NOTICE OF HEARING (DOMESTIC ABUSE) AND PETITION FOR TEMPORARY RESTRAINING ORDER AND/OR INJUNCTION (DOMESTIC ABUSE)
  - [ ] WITH REMOVAL  [ ] WITHOUT REMOVAL
- [ ] NOTICE OF HEARING - TEMPORARY RESTRAINING ORDER (CHILD ABUSE) AND PETITION IN JUVENILE COURT FOR TEMPORARY RESTRAINING ORDER AND/OR INJUNCTION (CHILD ABUSE)
  - [ ] WITH REMOVAL  [ ] WITHOUT REMOVAL
- [ ] INJUNCTION (HARASSMENT)
- [ ] INJUNCTION (DOMESTIC ABUSE)
- [ ] INJUNCTION (CHILD ABUSE)
- [ ] FIREARMS SURRENDER NOTICE

On the within named  Jeffrey Seeboth 
Sex  M   Race  W   DOB _____

- [x] SERVED  [ ] AFFIXED 48 HOUR NOTICE  [ ] SEIZED  [ ] MADE DEMAND  [ ] REMOVED

By then and there delivering to and leaving to/with  same 

- [ ] UNABLE TO LOCATE/SERVE AFTER A DILIGENT SEARCH AND INQUIRY FOR _____

Comments _____

Dated  7/15/15 

_____ Eric Severson _____ Sheriff
_____ Deputy Sheriff
Number  7220 

Subscribed and sworn before me
This  5  day of  July  20 15 
_____ Diane M Johnson
Notary Public, Waukesha County, WI
My Commission Expires  2/18/2018 

Service $ _____
Notary $ _____
Total $ _____

WSD 500-09-13

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(2/28/11) CCG N001

51238

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

No. 15 L 5560

Nayeli Delgado-Gutierrez, as Special Administrator of the Estate of Carlos Garcia, Deceased,

(Name all parties)

v.

Professional Transportation, Inc., United Leasing, LLC, JB Seeboth LLC d/b/a Affordable Car and Marine Care, & Randall L Burrell

Jeffrey Seeboth as agent of:

JB Seeboth LLC

12465 W Lisbon Rd

Brookfield, WI 53005

### ● SUMMONS ○ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

● Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

○ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

○ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

○ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 58168
Name: Levinson and Stefani
Atty. for: Plaintiffs
Address: 230 W Monroe 2210
City/State/Zip: Chicago, IL 60606
Telephone: 312-376-3812

WITNESS, _____

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS